

FILED
APR 25 2011
DEPUTY CLERK
CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 11 - 4354

DIVISION "H"

DEBRA GROWS

VERSUS

SECTION 12

TAKEDA PHARMACEUTICALS NORTH AMERICA INC. and TAKEDA PHARMACEUTICALS AMERICA, INC.

FILED: _____   _____
                                   DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes petitioner, **DEBRA GROWS**, a person of the full age of majority and a resident of and domiciled in Orleans Parish, Louisiana, who respectfully submits the following petition for damages:

1.

Made defendants herein are:

A.   **TAKEDA PHARMACEUTICALS NORTH AMERICA, INC. ["TAKEDA"]**, is a Delaware corporation. At all material times, **TAKEDA** was engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting and/or selling, either directly or indirectly, through third parties, as successor in interest, or related entities, PREVPACs in the State of Louisiana and in interstate commerce.

The registered agent for service for **TAKEDA** is The Corporation Trust Center Company 1209 ORANGE STREET, Wilmington, DE 19801.

B.   **TAKEDA PHARMACEUTICALS AMERICA, INC. ["TAKEDA"]**, is a Delaware corporation. At all material times, **TAKEDA** was engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting and/or selling, either directly or indirectly, through third parties, as successor in interest, or related entities, PREVPACs in the State of Louisiana and in interstate commerce.

The registered agent for service for **TAKEDA** is The Corporation Trust Center Company 1209 ORANGE STREET, Wilmington, DE 19801.



VERIFIED
Cynthia Scembor



EXHIBIT A

All defendants, identified *supra*, inclusive, and each of them, may be referred to in this complaint collectively as the "Defendants" and are liable to plaintiff, individually, jointly, severally, and in solido.

2.

At all relevant times, the Defendants were acting by and through their agents, servants and/or employees, each of whom were acting within the scope and course of their employment by agency or authority on their behalf.

3.

At all relevant times, the Defendants were in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging and/or advertising the pharmaceutical drugs known and/or branded PREVPAC.

4.

At all relevant times, defendants did manufacture, create, design, assemble, test, label, sterilize, package, distribute, promote, supply, market, sell, advertise, and/or otherwise distribute in the State of Louisiana and in interstate commerce PREVPAC.

5.

At all relevant times, defendants sold, delivered and/or distributed such products for ultimate sale and/or use by consumers, including plaintiff, within the State of Louisiana and in interstate commerce.

6.

This Honorable Court has jurisdiction over this case because the defendants conducted business in the State of Louisiana through pharmaceutical sales representatives and were engaged in testing, developing, manufacturing, labeling, marketing, distributing, promoting and/or selling, either directly or indirectly, through third parties or related entities PREVPAC; thus, there exists a sufficient nexus between the defendants forum contacts and the plaintiff's claims to justify assertion of jurisdiction in the State of Louisiana.

7.

Venue of this action is proper in this Court as the acts of negligence occurred within the Parish of Orleans, State of Louisiana.

8.

On April 22, 2010, plaintiff's physician prescribed PREVPAC for the treatment of infection following endoscopy.

9.

Plaintiff's pharmacy, Rite Aid on General Degaulle in New Orleans, filled plaintiff's prescriptions for PREVPAC.

10.

Plaintiff ingested the prescription drug PREVPAC as directed for 14 days.

11.

PREVPAC consists of a daily administration card containing two PREVACID 30 mg capsules, four AMOXICILLIN 500 mg capsules, and two CLARITHROMYCIN 500 mg tablets.

12.

Because of the injuries plaintiff suffered as a result of her use of PREVPAC, plaintiff has experienced and will continue to experience medical and related expenses, loss of income, disfigurement, disability, pain and suffering, psychological injury and other injuries and damages.

13.

Plaintiff's serious and permanent injuries came about as a foreseeable and proximate result of the Defendants dissemination of inaccurate, misleading, materially incomplete, false and otherwise inadequate information concerning the potential effects of exposure to and ingestion of PREVPAC to the medical community, physicians, plaintiff's physicians, plaintiff and other foreseeable users of the drug.

14.

At all materials times, the Defendants were aware of the serious side effects caused by PREVPAC including, but not limited to Lichenoid.

15.

Pursuant to FDA regulations, the Defendants knew that they must fully, truthfully and accurately disclose to the FDA data and information regarding the drug's chemistry, proposed manufacturing process, proposed model labeling which includes warnings about risks and side effects, test results for the drug, results of animal studies, results of clinical studies and the drug's bioavailability, because the data and information would be relied upon by the medical community, physicians, plaintiff's physician, plaintiff and other like foreseeable users of PREVPAC once approved.

16.

The defendants failed to fully, truthfully and accurately disclose PREVPAC data to the FDA and as a result, intentionally and fraudulently misled the medical community, physicians, plaintiff's physician and plaintiff about the risks associated with long term use of PREVPAC.

17.

Under FDA regulations, the Defendants have a duty to ensure its warnings to the medical community are accurate and adequate; a duty to conduct safety surveillance of adverse events for the drug; and to report any data related to the safety and/or accuracy of the warnings and information disseminated regarding the drug.

18.

The Defendants knew or should have known that the package insert and for PREVPAC did not adequately inform physicians about the risks associated with PREVPAC.

19.

The Defendants had access to and knew that severe side effects would result from the use of PREVPAC in the manner in which physicians were prescribing

PREVPAC and the fact that physicians did not fully understand the risks associated with PREVPAC through the Defendants participation, individually and jointly, in or its ability to review data from clinical studies that were not publicly available, through its review of domestic and international medical literature concerning PREVPAC.

20.

The Defendants failed to adequately warn physicians about the risks associated with PREVPAC despite the fact that they knew physicians, the medical community, the generic pharmaceutical industry, plaintiff and others similarly situated relied on defendants to disclose what they knew or should have known from a prudent review of the information they possessed or to which they had access.

21.

The Defendants knew or should have known, through the exercise of reasonable care, that the package insert for PREVPAC contained false and/or misleading statements and omitted information material to the foreseeable and ordinary contemplated uses of the drugs and, specifically grossly understating the prevalence of acute and long term side effects of PREVPAC.

22.

The Defendants had a duty and obligation to disclose to plaintiff and her physicians the true facts concerning PREVPAC in that it was dangerous and defective and the actual likelihood that it was to cause serious consequences to users, including serious skin disorders, and the true level of risk involved in prescribing such drugs for the purposes indicated.

23.

At all material times, plaintiff was not aware of the facts set forth herein and had she been, she would not have acted as she did by utilizing PREVPAC to treat plaintiff's condition.

24.

As a proximate result of the concealment or suppression of the facts set forth above, plaintiff was prescribed and ingested PREVPAC and subsequently became ill sustaining the injuries and damages set forth above.

25.

The Defendants are liable as the manufacturers, distributors and/or sellers of the drugs PREVPAC in violation of the Louisiana Products Liability Act, *La. R.S. 9:2800.51, et seq.*

26.

PREVPAC was defective in design and/or formulation in that, when it left the control of Defendants and/or their representatives, the foreseeable risks of serious harm posed by the drug outweighed its alleged benefits. The foreseeable risks of serious harm were so great that plaintiff, having known of such foreseeable risks and alleged benefits, would not have ingested PREVPAC.

27.

PREVPAC was placed into the stream of commerce by Defendants acting through authorized agents, servants, employees and/or representatives. Plaintiff was prescribed PREVPAC by her physicians and used the drug in a manner foreseeable by Defendants.

28.

The PREVPAC ingested by plaintiff was expected to and did reach plaintiff without substantial change in its condition as tested, manufactured, designed, labeled, packaged, marketed and distributed. As a result of the use of PREVPAC, plaintiff suffered serious injuries, including but not limited to, injuries associated with her skin, specifically Lichenoid.

29.

PREVPAC was marketed to physicians to be prescribed to their patients and was marketed and advertised directly to the consuming public. PREVPAC, as manufactured

and supplied to healthcare professionals and the general public, was unaccompanied by proper warnings regarding the serious risks of ingesting the drug. Further, Defendants failed to warn of these serious risks after Defendants had knowledge of same. The information provided to consumers did not reflect Defendants' knowledge that PREVPAC was not safe and effective as indicated in its aggressive marketing campaign nor were consumers such as plaintiff made aware that ingesting the drug could result in serious, permanent and disabling neurological injuries, including but not limited to, injuries of or associated with the skin, specifically Lichenoid. Full and proper warnings that accurately and fully reflected the unreasonable risk of including, but not limited to severe dermatologic reactions including Lichenoid due to the ingestion of PREVPAC should have been disclosed by Defendants.

30.

Plaintiff was prescribed PREVPAC by her physician and used the drug in a manner reasonably foreseeable by Defendants. PREVPAC was expected to and did reach plaintiff without substantial change in its condition as tested, manufactured, designed, labeled, packaged, marketed and distributed. Plaintiff was not aware of and could not have reasonably discovered the unreasonably dangerous nature of PREVPAC. As the producing cause and the legal and direct result of the failure to warn consumers of the defective condition of PREVPAC, as manufactured and supplied by Defendants and their representatives, plaintiff ingested PREVPAC and subsequently became ill, thereby sustaining the injuries and damages set forth herein.

31.

Defendants, through their agents, servants, employees and/or representatives, employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and the concealment, suppression, and omission of material facts in connection with the sale or advertisement of PREVPAC, in violation of the Louisiana *Unfair Trade Practices and Consumer Protection Law*, La. R.S. 51:1401, et seq.

32.

Defendants' offer for sale of a consumer product, namely PREVPAC, in trade or commerce, constitutes a representation that the product is reasonably safe for its intended purpose and intended use.

33.

Defendants have engaged in deceptive acts or practices, in violation of the Louisiana *Unfair Trade Practices and Consumer Protection Law*, by knowingly, intentionally and/or recklessly omitting, concealing, and/or suppressing its own data from investigations and clinical trials, other analyses, studies, tests, understandings, and conclusions about the true efficacy and safety of PREVPAC.

34.

Defendants violated the Louisiana *Unfair Trade Practices and Consumer Protection Law* by intentionally omitting, concealing and/or suppressing, or otherwise failing to communicate and notify the medical community, the plaintiff, and other consumers of PREVPAC, of the negative safety information they possessed.

35.

Defendants deceptive acts were intended to induce the plaintiff to buy PREVPAC.

36.

Because of the concealment, plaintiff was actually deceived and caused to suffer serious and permanent injuries and actual damages as set forth above.

37.

Defendants made material representations that were false and that were either known to be false when made or were asserted without knowledge of their truth. Defendants possessed adverse drug event reports, drug studies, and other documentation about PREVPAC yet made numerous misrepresentations regarding the frequency of related adverse occurrences in their package insert; as to the existence, occurrences and frequency of occurrences as well as the severity and extent of the

overall risk of the drugs use; as to the efficacy of the drugs; as to the number of adverse events with use; and the seriousness and severity of adverse events reported with the use of the drugs.

38.

The misrepresentations by Defendants was the proximate cause and cause-in-fact of plaintiff's injuries.

39.

Defendants owed plaintiff legal duties in connection with their development, manufacturing, and distribution of PREVPAC. Defendants breached those duties which was the proximate cause and cause in fact of plaintiff's injuries. Specifically, defendants failed to meet their duty to use reasonable care in the testing, creating, designing, manufacturing, labeling, packaging, marketing, selling and warning of PREVPAC. Defendants are liable for the acts and/or omissions amounting to negligence and/or gross negligence.

WHEREFORE, plaintiff prays that defendants be served with a copy of this petition and duly cited to appear and answer same and after due proceedings, there be judgment rendered in favor of plaintiff, **DEBRA GROWS**, and against **TAKEDA PHARMACEUTICALS NORTH AMERICA INC., and TAKEDA PHARMACEUTICALS AMERICA, INC.** for all damages listed and considered reasonable in the premises, together with all costs of these proceedings, attorney fees and penalties, and legal interest from the date of judicial demand until paid, and all other general and equitable relief.

Respectfully Submitted,

TONRY, BRINSON & GLORIOSO, LLC

*/s/ Michael Lillis*

Richard A. Tonry, II (#27310)
Raymond Brinson (#27187)
Brian L. Glorioso (#27226)
Kristine K. Sims (#28228)
Michael Lillis (#33245)
245 Pontchartrain Blvd.
Slidell, LA 70458

TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

Telephone: (985) 643-7007
Facsimile: (985) 649-9240
ATTORNEYS FOR PETITIONER,
DEBRA GROWS

**PLEASE SERVE (2) - All through Louisiana Long-Arm Statute:**

**TAKEDA PHARMACEUTICALS AMERICA, INC.**
*through Louisiana Long Arm Statute*
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**TAKEDA PHARMACEUTICALS NORTH AMERICA, INC.**
*through Louisiana Long Arm Statute*
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801